Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff, on behalf of herself
and those similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GEORGINA SANDOVAL, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>UNITED COLLECTION BUREAU, INC., and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Georgina Sandoval, individually and on behalf of all others similarly situated, by way of Complaint against Defendants, United Collection Bureau, Inc., and John Does 1 to 10, says:

### I.   NATURE OF THE ACTION

1. This action for damages arises from a collection agency's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### II.   JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

### III. PARTIES

4. Plaintiff, Georgina Sandoval ("Plaintiff" or "Sandoval"), is a natural person residing in Bergen County, New Jersey.

5. Defendant, United Collection Bureau, Inc. ("Defendant" or "UCB") is a foreign corporation with an office located at 5620 Southwyck Boulevard, Suite 206, Toledo, Ohio 43614.

6. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

### IV. FACTS

7. UCB is not in the business of extending credit, selling goods or services to consumers.

8. UCB regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

9. UCB is in the business of collecting debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

10. UCB uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

11. UCB is a collection agency.

12. UCB has asserted that Plaintiff allegedly incurred or owed a certain financial obligation to Credit One Bank, N.A. ("Debt" or "Account").

13. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family or household purposes.

14. After the Account was past due and in default, LVNV Funding LLC purchased the Account for pennies on the dollar.

15. The Account was later assigned to UCB for collection.

16. UCB contends that the Account is past due and in default.

17. The Account was past due and in default at the time it was placed with or assigned to UCB for collection.

18. In an attempt to collect the Debt, UCB mailed a collection letter to Plaintiff on March 23, 2015 ("UCB Letter").

19. A true copy of the UCB Letter, but with redactions, is attached as **Exhibit A**.

20. Plaintiff received and reviewed the UCB Letter.

21. On information and belief, the UCB Letter is a mass-produced, computer-generated, form letter that is prepared by UCB, or its agent, and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

V. **EXPOSURE OF PERSONAL IDENTIFYING INFORMATION**

22. The UCB Letter was mailed using a window envelope.

23. Being sent in a window envelope, the barcode above the return address was visible through the window of the envelope.

24. Being sent in a window envelope, the barcode containing UCB's reference number associated with the Debt was visible through the window of the envelope.

25. Barcodes are easy to create and scan; and its use is widespread throughout the world.

26. The information in the barcode, i.e., the account number associated with the Debt, can be easily accessed by smartphones using free applications, such as the *Barcode Scanner* which has over 100 million downloads,[1] or other readily available consumer electronic devices.

27. Anyone can easily scan the barcode and access Plaintiff's personal account number.

28. The account number exposed are personal identifying information and its disclosure has the potential to cause harm to the consumer.

29. Defendant could have easily taken measures to prevent the barcode containing the account number from being visible through the window envelope but chose not to do so.

30. Defendant has recklessly availed Plaintiff's personal identifying information to the public.

31. The FDCPA prohibits a debt collector from "[u]sing **any language or symbol**, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."[2]

32. Unlawfully exposing the barcode containing the account number associated with the Debt violates the FDCPA because it is impermissible language or symbols under § 1692f(8) which has the potential to cause harm to a consumer.[3]

---

[1] https://play.google.com/store/apps/details?id=com.google.zxing.client.android
[2] 15 U.S.C. § 1692f(8) (emphasis added).
[3] *See Douglas v. Convergent Outsourcing*, 765 F.3d 299, 302, 306 (3d Cir. 2014); *see also Berry v. ARS Nat'l Servs.*, No. 15-1529, 2015 U.S. Dist. LEXIS 171043 (E.D. Pa. Dec. 23, 2015); *Palmer v. Credit Collection Servs.*, No. 15-1681, 2015 U.S. Dist. LEXIS 171039 (E.D. Pa. Dec.

## VI.     FALSE THREAT OF INTEREST

33.    The UCB Letter also states:

> As of the date of this letter, you owe the above Current Account Balance. Because of interest and/or other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after your payment is received.

34.    The UCB Letter states that the "Current Account Balance" is $1,761.19.

35.    Contrary to the statement contained in the UCB Letter, at no time after March 23, 2015 did Defendant or LVNV Funding LLC add "interest" or "other charges" to the Account.

36.    On information and belief, and contrary to the statement contained in the UCB Letter, Defendant or LVNV Funding LLC are not legally or contractually permitted to add "interest" or "other charges" to the Account.

37.    Federal regulations require banks, such as Credit One Bank, N.A., to send periodic statements on all accounts, including defaulted accounts, in order to assess and charge interest or fees to the account.[4] Thus, banks cannot charge fees or interest if periodic statement are not sent.

38.    On information and belief, Credit One Bank, N.A. ceased sending periodic statements, charged-off the Account, and stopped charging additional interest and fees prior to the sale to LVNV Funding LLC.

---

22, 2015); *Link v. ARS Nat'l Servs.*, No. 15-643, 2015 U.S. Dist. LEXIS 164263 (W.D. Pa. Dec. 8, 2015); *Pirrone v. NCO Fin. Sys.*, No. 15-4000, 2015 U.S. Dist. LEXIS 163747 (E.D. Pa. Nov. 30, 2015); *Sungsoo Park v. ARS Nat'l Servs.*, No. 15-cv-02867-SDW-SCM, 2015 U.S. Dist. LEXIS 147171 (D.N.J. Oct. 30, 2015); *In re ACB Receivables Mgmt.*, No. 14-cv-6418-FLW-LHG, 2015 U.S. Dist. LEXIS 119812 (D.N.J. Sept. 9, 2015); *Kostik v. ARS Nat'l Servs.*, No. 3:14-CV-2466, 2015 U.S. Dist. LEXIS 95230 (M.D. Pa. July 22, 2015); *Styer v. Prof'l Med. Mgmt., Inc.*, 114 F. Supp. 3d 234 (M.D. Pa. 2015).
[4] 12 C.F.R. § 226.5(b)(2)(i).

39. In fact, the balance for the Account remained the same at $1,761.19 from March 23, 2015 to the present.

40. Defendant's statement that "[b]ecause of interest and/or other charges that may vary from day to day, the amount due on the day you pay may be greater" is false, deceptive, and misleading to the least sophisticated consumer because Defendant falsely suggests that the amount of the debt will increase from day to day because of interest or other charges, in fact, no one is charging interest or assessing other charges.

41. Such statement makes the least sophisticated consumer uncertain as to the amount allegedly owed to LVNV Funding LLC, and uncertain as to how much additional interest or other charges would continue to accrue.

42. Defendant's false and misleading statement threatening to apply interest or other charges is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that paying less than the full amount owed or not paying immediately would cause the balance to increase.

43. It is Defendant's policy and practice to send written collection communications, in the form exemplified by Exhibit A, in an attempt to collect consumer debts, which in violation of the FDCPA.

44. UCB used the same procedures it used in sending the UCB Letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

45. UCB sent the same or similar letters to numerous New Jersey residents in an attempt to collect a debt.

## VII. CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

47. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

48. Subject to discovery and further investigation which may cause Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of Classes initially defined as follows:

> All natural persons residing in the State of New Jersey, to whom Defendant sent a collection letter; which letter was dated within one year prior to the date this Complaint is filed; was seeking to collect a consumer debt allegedly owed to LVNV Funding LLC; and
>
> **Barcode Class**: was sent in a windowed envelope such that the barcode containing the Defendant's reference number associated with the debt was visible from outside the envelope.
>
> **Interest Class**: contained the same of similar language: "Because of interest and/or other charges that may vary from day to day, the amount due on the day you pay may be greater."

49. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

50. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

51. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA

statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

53. Plaintiff's claims are typical of the claims of the members of the Class.

54. Plaintiff does not have interests antagonistic to those of the Class.

55. The Class, of which Plaintiff is a member, is readily identifiable.

56. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

57. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

58. Plaintiff does not anticipate any difficulty in the management of this litigation.

    **VIII.    COUNT I – FAIR DEBT COLLECTION PRACTICES ACT**

59. Plaintiff, on behalf of herself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

60. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

61. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

62. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

63. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

64. UCB is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

65. The UCB Letter, a copy of which appear as Exhibit A, is a "communication" as defined by 15 U.S.C. § 1692a(2).

66. The letters, which are the same or similar in form to Exhibit A, sent by UCB to other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

67. The UCB Letter and the letters that are the same and similar in form to the UCB Letter were sent by UCB to Plaintiff and those similarly situated in an attempt to collect the debts.

68. By sending the UCB Letter and the same and similar letters to Plaintiff and those similarly situated, Defendant violated the FDCPA in one or more of the following ways:

> a. Defendant made false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;
>
> b. Defendant made false representations of the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c.    Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    d.    Defendant used false representations or deceptive means to collect or attempt to collection a debt, in violation of 15 U.S.C. § 1692e(10).

    e.    Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f;

    f.    Defendant attempted to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1); and

    g.    Defendant used language or symbol, other than the debtor collector's address, on envelopes when communicating with a consumer by use of the mails, in violation of 15 U.S.C. § 1692f(8).

69.    The violations of the FDCPA described herein constitute *per se* violations.

70.    Based on any one or more of those violations, UCB is liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## IX.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Georgina Sandoval, on behalf of herself and others similarly situated, demands judgment against Defendant, United Collection Bureau, Inc., as follows:

    A.    For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

    B.    For maximum statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

    C.    For maximum statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.	For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E.	For pre-judgment and post-judgment interest; and

F.	For such other and further relief as the Court deems equitable and just.

## X.	JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## XI.	CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, except the matter captioned *Park v. United Collection Bureau, Inc.*, 2:15-cv-01306-SRC-CLW (D.N.J.) and *Watkins v. United Collection Bureau, Inc*., 2:15-cv-08516-JLL-JAD (D.N.J.).

KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Yongmoon Kim, Esq.
*Attorneys for Plaintiff on behalf of herself and those similarly situated*

Dated: March 22, 2016